**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4600**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS TERRELL SPENCER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Donald C. Coggins, Jr., District Judge.  (7:18-cr-00853-DCC-1)

Submitted:  September 24, 2020                Decided:  November 23, 2020

Before KEENAN, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephanie A. Rainey, RAINEY & BROWN, PA, Spartanburg, South Carolina, for Appellant.  Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Terrell Spencer pled guilty, without a written plea agreement, to distribution and possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court established a Sentencing Guidelines range of 151 to 188 months' imprisonment and sentenced Spencer to 151 months' imprisonment. Spencer's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Spencer's motion for a downward variance. Spencer has filed a supplemental pro se brief, challenging his classification as a career offender and arguing that his sentence is unreasonable. The Government has declined to file a response brief. We affirm.

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

Having carefully reviewed the record, we conclude that the district court properly classified Spencer as a career offender and calculated the advisory Guidelines range, gave the parties the opportunity to argue for an appropriate sentence, and sufficiently explained the chosen sentence. Because Spencer has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence, *see id.*, we conclude that the district court did not abuse its discretion in imposing Spencer's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Spencer, in writing, of the right to petition the Supreme Court of the United States for further review. If Spencer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Spencer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*